FILED by KS D.C.

Dec 16, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. __21-20607-CR-ALTMAN/REID__

18 U.S.C. § 1347
18 U.S.C. § 1349
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 982(a)(7)
18 U.S.C. § 982(a)(1)

UNITED STATES OF AMERICA

vs.

JULIO MIRANDA QUINTANA,

      **Defendant.**

_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### The Medicare Program

1. The Medicare Program ("Medicare") was a federal health care program that provided free or below-cost health care benefits to individuals who were sixty-five years of age or older or disabled. The benefits available under Medicare were governed by federal statutes and regulations. The United States Department of Health and Human Services ("HHS"), through its agency the Center for Medicare and Medicaid Services ("CMS"), oversaw and administered Medicare. Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

2. Medicare was a "health care benefit program" as defined in Title 18, United States Code, Section 24(b).

3. Medicare was subdivided into multiple program "parts." Medicare Part A covered health care services provided by hospitals, skilled nursing facilities, hospices, and home health agencies. Medicare Part B covered physician services and outpatient care, including an individual's access to durable medical equipment ("DME").

## Durable Medical Equipment

4. DME was equipment designed for everyday or extended use and for a medical purpose, such as orthotic devices, speech generating devices, collagen dressing, wheelchairs, prosthetic limbs, wheelchairs, nebulizers, and oxygen concentrators.

5. DME companies, physicians, and other health care providers that provided services to Medicare beneficiaries were referred to as Medicare "providers." To participate in Medicare, providers were required to submit an application in which the providers agreed to comply with all Medicare-related laws and regulations. If Medicare approved a provider's application, Medicare assigned the provider a Medicare "provider number." A health care provider with a Medicare provider number could file claims with Medicare to obtain reimbursement for services rendered to beneficiaries.

6. Enrolled Medicare providers agreed to abide by the policies, procedures, rules, and regulations governing reimbursement. To receive Medicare funds, enrolled providers were required to abide by the Anti-Kickback Statute and other laws and regulations. Providers were given access to Medicare manuals and services bulletins describing billing procedures, rules, and regulations.

7. Medicare reimbursed DME companies and other health care providers for items

and services rendered to beneficiaries. To receive payment from Medicare, providers submitted or caused the submission of claims to Medicare, either directly or through a billing company.

8. A Medicare claim for DME reimbursement was required to set forth, among other things, the beneficiary's name and unique Medicare identification number, the equipment provided to the beneficiary, the date the equipment was provided, the cost of the equipment, and the name and unique physician identification number of the physician who prescribed or ordered the equipment.

9. A claim for DME submitted to Medicare qualified for reimbursement only if it was medically necessary for the treatment of the beneficiary's illness or injury, prescribed by a licensed physician, and actually provided to the beneficiary as billed.

## The Defendant and Related Entities

10. Unlimited Med Supply, Inc. ("Unlimited Med Supply") was a Florida corporation located at 9000 Sheridan Street, Suite 162, Pembroke Pines, Florida, that purportedly provided DME to Medicare beneficiaries.

11. Best Medical Supply, Inc. ("Best Medical Supply") was a Florida corporation located at 1621 North Tamiami Trail Suite 4, North Fort Myers, Florida, that purportedly provided DME to Medicare beneficiaries.

12. Miranda Medical Equipment Delivery Services Corp. ("Miranda Medical Equipment") was a Florida corporation located at 9000 Sheridan Street, Suite 162, Pembroke Pines, Florida, that purportedly sold medical equipment.

13. Julio Food Services Corp. was a Florida corporation located at 9000 Sheridan Street, Suite 162, Pembroke Pines, Florida, that purportedly provided food services.

14. Quintana Mental Health Community Services, Inc. ("Quintana Mental Health")

was a Florida corporation located at 9000 Sheridan Street, Suite 162, Pembroke Pines, Florida, that purportedly provided mental health services.

15. Defendant **JULIO MIRANDA QUINTANA** was a resident of Miami-Dade County, Florida, and the sole officer and registered agent of Unlimited Med Supply, Best Medical Supply, Miranda Medical Equipment, Julio Food Services Corp., and Quintana Mental Health.

## COUNT 1
### Conspiracy to Commit Health Care Fraud and Wire Fraud
### (18 U.S.C. § 1349)

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around April 2021 through in or around December 2021, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**JULIO MIRANDA QUINTANA,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree with others known and unknown to the Grand Jury to commit offenses against the United States, that is:

  a. to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347; and

  b. to knowingly and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations,

4

and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

### Purpose of the Conspiracy

3.     It was a purpose of the conspiracy for the defendant and the other co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to Medicare via interstate wire communications; (b) concealing the submission of false and fraudulent claims to Medicare; (c) concealing the receipt of the fraud proceeds; and (d) diverting fraud proceeds for their personal use and benefit, the use and benefit of others, and to further the fraud.

### Manner and Means of the Conspiracy

The manner and means by which the defendant and his co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among other things, the following:

4.     **JULIO MIRANDA QUINTANA** submitted the Medicare enrollment paperwork for Unlimited Med Supply, became the sole officer and registered agent on the corporate filings with the State of Florida for Unlimited Med Supply, and was the sole signer on Unlimited Med Supply's corporate bank account.

5.     **JULIO MIRANDA QUINTANA** also submitted the Medicare enrollment paperwork for Best Medical Supply, became the sole officer and registered agent on the corporate filings with the State of Florida for Best Medical Supply, and was the sole signer on Best Medical Supply's corporate bank account.

6.     **JULIO MIRANDA QUINTANA** incorporated fictitious shell corporations called Miranda Medical Equipment, Julio Food Services Corp., and Quintana Mental Health and was

listed as the sole officer and registered agent for these corporations.

7.  **JULIO MIRANDA QUINTANA** and his co-conspirators submitted and caused the submission of claims to Medicare on behalf of Unlimited Med Supply and Best Medical Supply, via interstate wire communication, which falsely and fraudulently represented that various DME was medically necessary, prescribed by a doctor, and provided by Unlimited Med Supply and Best Medical Supply to Medicare recipients.

8.  As a result of such false and fraudulent claims, Medicare made payments to the corporate bank accounts of Unlimited Med Supply and Best Medical Supply in the approximate total sum of $4,400,000.

9.  **JULIO MIRANDA QUINTANA** endorsed checks from Unlimited Med Supply and Best Medical Supply that were deposited into the bank accounts for Miranda Medical Equipment, Julio Food Services Corp., and Quintana Mental Health in order to conceal the receipt and transfer of fraud proceeds.

10. **JULIO MIRANDA QUINTANA** and his co-conspirators used the proceeds of the health care fraud for their personal use and benefit, the use and benefit of others, and to further the fraud.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-3
### Health Care Fraud
### (18 U.S.C. § 1347)

1.  The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2.  From in or around April 2021 through in or around December 2021, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

6

JULIO MIRANDA QUINTANA,

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said health care benefit program.

### Purpose of the Scheme and Artifice

3. It was the purpose of the scheme and artifice for the defendant and his accomplices to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to Medicare; (b) concealing the submission of false and fraudulent claims to Medicare; (c) concealing the receipt of fraud proceeds; and (d) diverting fraud proceeds for their personal use and benefit, the use and benefit of others, and to further the fraud.

### The Scheme and Artifice

4. The allegations contained in paragraphs 4 through 10 of the Manner and Means section of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

### Acts in Execution or Attempted Execution of the Scheme and Artifice

5. On or about the dates set forth below, the defendant did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program, in that the defendant, through Unlimited Med Supply and Best Medical Supply, caused the submission of false and fraudulent claims to Medicare, seeking reimbursement for the cost of DME, as set forth below:

7

| Count | Approx. Date of Claim Submission | Medicare Beneficiary | Medicare Claim Number | Item Claimed; Approx. Amount Claimed DME |
|---|---|---|---|---|
| 2 | October 5, 2021 | L.R. | 121278726261000 | Scoliosis orthosis; $3400 Unlimited Med Supply |
| 3 | October 15, 2021 | R.B. | 121288733443000 | Scoliosis orthosis; $3,400 Unlimited Med Supply |

In violation of Title 18, United States Code, Sections 1347 and 2.

## COUNTS 4-10
## Money Laundering
## (18 U.S.C. § 1956(a)(1)(B)(i))

On or about the dates specified as to each count below, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**JULIO MIRANDA QUINTANA,**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which financial transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, as set forth below:

| COUNT | APPROXIMATE DATE OF TRANSACTION | DESCRIPTION OF TRANSACTION |
|---|---|---|
| 4 | October 21, 2021 | Deposit of Check No. 130 in the approximate amount of $45,000 made payable to Miranda Medical Equipment drawn on the Unlimited Med Supply's JP Morgan Chase bank account ending 1550 |

| COUNT | APPROXIMATE DATE OF TRANSACTION | DESCRIPTION OF TRANSACTION |
|---|---|---|
| 5 | November 5, 2021 | Deposit of Check No. 135 in the approximate amount of $36,700 made payable to Julio Food Services Corp. drawn on the Unlimited Med Supply's JP Morgan Chase bank account ending 1550 |
| 6 | November 17, 2021 | Deposit of Check No. 102 in the approximate amount of $62,850 made payable to Miranda Medical Equipment drawn on the Best Medical Supply's JP Morgan Chase bank account ending 1328 |
| 7 | November 17, 2021 | Deposit of Check No. 103 in the approximate amount of $45,225 made payable to Quintana Mental Health drawn on the Best Medical Supply's JP Morgan Chase bank account ending 1328 |
| 8 | November 22, 2021 | Deposit of Check No. 111 in the approximate amount of $44,675 made payable to Julio Food Services Corp. drawn on the Best Medical Supply's JP Morgan Chase bank account ending 1328 |
| 9 | November 27, 2021 | Cash withdrawal in the approximate amount of $9,600 from Best Medical Supply's JP Morgan Chase bank account ending 1328 |
| 10 | November 29, 2021 | Deposit of Check No. 146 in the approximate amount of $58,900 made payable to Quintana Mental Health drawn on the Unlimited Med Supply's JP Morgan Chase bank account ending 1550 |

It is further alleged that the specified unlawful activity is conspiracy to commit health care fraud and wire fraud, in violation of Title 18, United States Code, Section 1349, health care fraud in violation of Title 18, United States Code, Section 1347, and wire fraud, in violation of Title 18, United States Code, Section 1343.

9

## FORFEITURE ALLEGATIONS
### (18 U.S.C. § 982(a)(7) and 18 U.S.C. § 982(a)(1))

1.  The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **JULIO MIRANDA QUINTANA**, has an interest.

2.  Upon conviction of any violation of Title 18, United States Code, Sections 1347 and 1349, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to Title 18, United States Code, Section 982(a)(7).

3.  Upon conviction of a violation of Title 18, United States Code, Section 1956, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property pursuant to Title 18, United States Code, Section 982(a)(1).

4.  The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, the following:

    a.  $ 3,800.00 in U.S. currency;
    b.  € 9,400.00 in European currency.
    c.  the contents of J.P. Morgan Chase Bank account number 000000718771550 in the name of Unlimited Med Supply Inc.;
    d.  the contents of J.P. Morgan Chase Bank account number 000000716391328 in the name of Best Medical Supply Inc;
    e.  the contents of Truist Bank account number 1100019994692 in the name of Julio Food Services;
    f.  the contents of TD Bank account number 4393858176 in the name of Miranda Medical Equipment; and
    g.  the contents of Bank United account number 9855396040 in the name of Quintana Community Health.

5.  The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, a sum of approximately $4,400,000, which represents the total amount of funds involved in or derived from the alleged offenses and may be sought as a forfeiture money judgment

6.  If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(7), Title 28, United States Code, Section 2461(c), and the procedures set forth in Title 21, United States Code, Section 853, as made applicable by Title 18, United States Code, Section 982(b)(2).

A TRUE BILL

FOREPERSON

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

TIMOTHY J. ABRAHAM
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

JULIO MIRANDA QUINTANA,

_____Defendant._____/

CASE NO._____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division:** (Select One)
- [✓] Miami
- [ ] Key West
- [ ] FTL
- [ ] WPB
- [ ] FTP

New defendant(s)   [ ] Yes   [ ] No
Number of new defendants _____
Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) **Yes**
   List language and/or dialect **Spanish**

4. This case will take __3__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   0 to 5 days       [✓]
   - II  6 to 10 days      [ ]
   - III 11 to 20 days     [ ]
   - IV  21 to 60 days     [ ]
   - V   61 days and over  [ ]

   (Check only one)
   - Petty         [ ]
   - Minor         [ ]
   - Misdemeanor   [ ]
   - Felony        [✓]

6. Has this case previously been filed in this District Court? (Yes or No) **No**
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) **Yes**
   If yes: Magistrate Case No. **21-MJ-04290**
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of **December 2, 2021**
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? (Yes or No) **No**

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No**

TIMOTHY J. ABRAHAM
Assistant United States Attorney
FLA Bar No.      114372

*Penalty Sheet(s) attached                                                                 REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: __JULIO MIRANDA QUINTANA_____

Case No: _____

**Count #: 1**
Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349

* **Max. Penalty**:    20 Years' Imprisonment

**Counts #: 2-3**
Health Care Fraud

Title 18, United States Code, Section 1347

* **Max. Penalty**:    10 Years' Imprisonment as to each count

**Counts #: 4-10**
Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)

* **Max. Penalty**:    20 Years' Imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**